O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRANK URIBE, | ) Case No. CV 15-4908-JGB (JPR) |
| Petitioner, | ) |
| v. | ) ORDER ACCEPTING FINDINGS AND ) RECOMMENDATIONS OF U.S. ) MAGISTRATE JUDGE |
| MARION SPEARMAN, Warden, | ) |
| Respondent. | ) |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, records on file, and June 14, 2016 Report and Recommendation of U.S. Magistrate Judge, recommending that judgment be entered denying the Petition and dismissing this action with prejudice.

On June 30, 2016, the California Supreme Court decided <u>People v. Sanchez</u>, 63 Cal. 3d 665, 698-99 (2016), holding that "case specific" out-of-court statements relied on by a prosecution gang expert are inadmissible hearsay under California law and may also be testimonial in violation of a defendant's Sixth Amendment right to confrontation. In light of the

decision, the Magistrate Judge asked for briefing on whether the case should be stayed to allow Petitioner to exhaust a <u>Sanchez</u> claim in state court.

On July 25, 2016, Petitioner filed Objections to the R. & R., stating that he did not understand "everything" in the Court's "letter" but knew that his "Sixth Amendment Right to Confrontation was violated." (Objs. at 1.) But as the Magistrate Judge observed in the R. & R., the out-of-court statements he challenges were not testimonial and did not implicate the Confrontation Clause (R. & R. at 28), and nothing in Petitioner's Objections changes that conclusion. He raised no objections to the Magistrate Judge's findings that his other claims did not warrant habeas relief. (<u>See generally</u> Objs. at 1.)

On December 12, 2016, the Magistrate Judge stayed the proceedings to allow Petitioner to exhaust a <u>Sanchez</u> claim in state court. Although he filed a habeas petition in the superior court, <u>see</u> Online Servs., Super. Ct. of Cal., Cnty. of L.A., http://www.lacourt.org/criminalcasesummary/ui/Selection.aspx (search for case number "BA368836") (last visited July 8, 2019), which was apparently denied, he did not file one in the state court of appeal or supreme court, <u>see</u> Cal. App. Cts. Case Info., http://appellatecases.courtinfo.ca.gov/ (search for "Uribe" with "Frank" yielding no relevant results) (last visited July 8, 2019). On September 19, 2017, the Magistrate Judge gave him an additional opportunity to exhaust state remedies for his <u>Sanchez</u> claim, ordering him to show cause if he did not. He did not respond. The Court later learned, when mail it had sent

Petitioner was returned, that he was apparently paroled on August 6, 2017; he failed to inform the Court of his address change, as required by Local Rule 41-6, and still has not done so. He also did not exhaust his Sanchez claim even though the Court gave him ample opportunity to do so. See 28 U.S.C. § 2254(b) (no habeas relief unless petitioner has exhausted remedies available in state court); Greene v. Lambert, 288 F.3d 1081, 1086 (9th Cir. 2002) (exhaustion requires that petitioner's contentions were disposed of on merits by state's highest court). Petitioner appears to have abandoned his claims.

In any event, like his other claims, his Sanchez challenge likely would not warrant habeas relief. The state court denied a virtually identical claim raised by his codefendant, finding that the hearsay statements on which the gang expert relied in testifying were "not testimonial" or "case specific, as required by Sanchez." See Valadez v. Holland, No. CV 15-3976-JGB (JPR) (C.D. Cal. filed May 27, 2015) (ECF No. 36 at 2) (July 24, 2017 superior-court order denying habeas relief for Sanchez claim).[1] The state court of appeal denied a subsequent habeas petition without comment, id. (ECF No. 38 at 2) (Sept. 13, 2017 order denying habeas petition), as did the state supreme court, id.

---

[1] Although the Petition does not identify the gang expert whose testimony purportedly relied on inadmissible hearsay (see Pet. at 5), only Officer Allan Krish testified as a gang expert at Petitioner and his codefendant's trial. See People v. Valadez, 220 Cal. App. 4th 16, 20-24 (2013) (summarizing prosecution evidence). Moreover, Petitioner joined in his codefendant's direct appeal challenging admission of Krish's statements under the Confrontation Clause. See id. at 35-36 (rejecting argument by Petitioner and codefendant).

(ECF No. 42 at 12) (Nov. 29, 2017 order denying habeas petition).

Having reviewed de novo those portions of the R. & R. to which Petitioner objects, the Court agrees with and accepts the findings and recommendations of the Magistrate Judge. IT THEREFORE IS ORDERED that judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: July 19, 2019

JESUS G. BERNAL
U.S. DISTRICT JUDGE